IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSEPH LATIGUE, JR. | § | |
| VS. | § | CIVIL ACTION NO.  1:14-CV-115 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Joseph Latigue, Jr., a prisoner confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court.  The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge. The Magistrate Judge recommends denying the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings.  The petitioner filed objections to the Magistrate Judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration of the pleadings and the relevant case law, the court concludes that the petitioner's objections lack merit for the reasons stated in the Magistrate Judge's Report and Recommendation.

The petitioner contends his attorney provided ineffective assistance at the parole revocation hearing and on appeal. The state courts rejected these claims during the state habeas proceedings. The petitioner has not shown by clear and convincing evidence that the state courts' factual findings regarding these claims were incorrect. *See* 28 U.S.C. § 2254(e)(1). Further, the petitioner has not shown that the state court's application of *Strickland v. Washington*, 466 U.S. 668 (1984), was unreasonable. Therefore, the petitioner is not entitled to relief on his claims of ineffective assistance of counsel. *Harrington v. Richter*, 526 U.S. 86 (2011).

The petitioner claims that his pleas of "true" to two administrative violations were involuntary due to the ineffective assistance of counsel. The state court's rejection of this claim is not contrary to, and does not involve an unreasonable application of, clearly established federal law. Nor was the state court's decision based on an unreasonable determination of the facts in light of the evidence.

Finally, the petitioner claims that his ninety-nine year sentence violated the Eighth Amendment prohibition against cruel and unusual punishment. In light of the petitioner's criminal history, the court cannot conclude that the petitioner's sentence was disproportionate, such that it violated the Eighth Amendment.

In this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362

F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## **ORDER**

Accordingly, the petitioner's objections (document no. 17) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate

Judge (document no. 12) is **ADOPTED**.  A final judgment will be entered in this case in accordance

with the Magistrate Judge's recommendation.  A certificate of appealability will not be issued.

So **ORDERED** and **SIGNED** this **22** day of **June, 2018.**

_____

Ron Clark, United States District Judge